UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

BARRY R. LEONE and  Case No. 07-32787-dof
JACQUELINE K. LEONE,  Chapter 7 Proceeding
 Hon. Daniel S. Opperman

_____/

## OPINION REGARDING UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE

This matter is before the Court on the United States Trustee's Motion to Dismiss pursuant to 11 U.S.C. § 707(b)(2) and (3). The United States Trustee seeks dismissal of this case pursuant to 11 U.S.C. § 707(b)(2) because the Debtors have claimed a deduction for transportation ownership/lease expense on two vehicles. The United States Trustee contends that these deductions are improper and that after proper adjustment, the Debtors would have monthly disposable income in an amount sufficient to trigger the presumption of abuse. Alternatively, the United States Trustee argues that the totality of the circumstances compel this Court to dismiss the Debtors' Chapter 7 Petition.

Since a determination of whether the Debtors are allowed a transportation ownership/lease expense for two motor vehicles may be a determinative issue, the Court requested the parties to brief that issue first. The Court issued an oral opinion on January 30, 2008. This written Opinion is issued to memorialize and clarify the January 30, 2008, ruling.

### BACKGROUND

The Debtors owned a number of motor vehicles prior to the filing of their Chapter 7 Bankruptcy Petition. In November of 2006, Fifth Third Bank repossessed two vehicles belonging to Mr. Leone and in July of 2007, GMAC repossessed a vehicle belonging to Mrs. Leone. At the

1

time of the filing of their Petition, the Debtors reported owning a 1970 Corvette with a value of $500 and a 1996 Corvette with a value of $6,000. As developed at the hearings conducted by the Court, the 1970 Corvette is in disrepair and inoperable. As can be gleaned from the record, it appears that the Debtors were in the course of refurbishing this vehicle when their August 23, 2007, Petition was filed.

The 1996 Corvette is operable but is in need of repair. Mr. Leone currently has access to a motor vehicle through his employment. Neither Debtor owes any secured debt on any motor vehicle.

The Debtors completed and filed the Statement of Current Monthly Income and Means Test Calculation Form 22A ("Means Test") and claimed transportation ownership/lease expense for one vehicle in the amount of $471.00 and transportation ownership/lease expense for a second vehicle in the amount of $332.00. Since the Debtors do not owe any secured creditor in regard to these two vehicles, the United States Trustee questioned these deductions and filed the instant Motion to Dismiss.

DISCUSSION AND ANALYSIS

The issue of deduction for transportation ownership/lease expense on the Means Test is one of the hotly contested issues resulting from the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Periodic surveys of cases regarding this issue generally report that courts are divided.

In this district, two cases, *In Re McIvor,* 2006 W.L. 3949172 (Bankr. E.D. Mich. 2006) and *In Re Zaborski,* 366 B.R. 758 (Bankr. E.D. Mich. 2007), hold that a debtor may deduct a transportation ownership/lease expense even when the debtor does not have a secured debt for that vehicle. This Court adopts the rationale and reasoning of *In Re McIvor* and *In Re Zaborski* and, for the sake of brevity, adopts the statements in those cases for purposes of this Opinion.

2
07-32787-dof    Doc 26    Filed 03/10/08    Entered 03/11/08 08:23:10    Page 2 of 3

The Court also notes that other courts have reviewed this issue and reached a different conclusion. While this Court acknowledges and respects the views of the jurists in the contrary line of cases, this Court joins with the *In Re McIvor* and *In Re Zaborski* rationales.

As to the second preliminary issue raised by the parties, the Court holds that the 1970 Corvette simply is not a vehicle for purposes of line 23 and 24. The 1970 Corvette is inoperable, is in pieces, and is in the course of being either repaired or refurbished. Unlike the 1996 Corvette which the Debtors could at least start and operate on a highway, the 1970 Corvette is simply in such a state of disrepair that this Court cannot consider it to be a "vehicle" for the Means Test. Likewise, the decision on this issue is based upon the practicality of the circumstances, as well as a reluctance to encourage Debtors to acquire a piece of personal property that can later be argued to be a vehicle.

Since the Court's ruling requires the Debtors to amend their Means Test, the Debtors are directed to do so. Afterward, the United States Trustee can review the Means Test and then decide whether to continue or to withdraw the Motion to Dismiss.

**Signed on March 10, 2008**

                                                     **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**